Hough, J.
The record of the Board of Education shows the passage of a resolution in' regular form on January 5, 1920, for the receiving of bids for the deposit of funds for two years.
This action was in compliance with Section 7604, General Code, which provides:
“That within thirty days after the first Monday of January, 1916, and every two years thereafter, the board of education of any school district by resolution shall provide for the deposit of any or all moneys coming into the hands of its treasurer.”
The resolution further provided that bids would be received until twelve o’clock noon, February 3, 1920; the clerk to give notice of the receiving, of bids.
Thus, although the resolution is silent as far as the kind of notice to be given, the intention of the board to give substantially thirty-days notice is manifest. The statute fails to provide for the kind of notice to be given, or the length of time that notice shall run, and' the record of the board *57 fails also to show anything further than appears in the resolution.
The only provisions bearing upon the notice to be given are found in Section 7606, General Code, where it is provided:
“All proceedings in connection with such competitive bidding and deposit of moneys must be so conducted as to insure full publicity and shall be open at all times to public inspection.”
And in Section 7608, General Code, where it is said:
“All proceedings connected with the adoption of such resolution and the making of such contract must be conducted in such a manner as to insure full publicity and shall be open at all times to public inspection.”
The legislative purpose in laying stress on “full publicity,” although not setting forth any particular species of notice and not providing for any definite time, evidently was that the public should be fully apprised of all matters leading up to and including the final contract for the depository of the funds of the district.
To insure full publicity is to repel the inference of collusion or fraud, or the appearance or suspicion of such. To the clerk was assigned the duty and responsibility of fully publishing the fact that bids would be received at a definite time and place. The clerk was an officer of one of the four banks. He claims that he told the cashiers of the other three banks of the letting, some time after the resolution was adopted, but makes no claim or pretense that any other thing was done or action taken *58 towards notifying the public or those that might be interested in reference to the letting.
No notices were posted in the district, and no publication was had in the local newspapers, or otherwise. The people of the district, to whom the fund belonged, were given no opportunity to learn what disposition of their money was being contemplated.
In the absence of specific and definite direction by the legislature concerning notice, but with the expressed intention that full publicity must be given, we are of the opinion that reasonable notice to insure full publicity was not given in the instant cases. A requirement of the statute where the intention of the legislature is clear that the taxpayers be apprised of the lending or the letting of their funds is mandatory.

Peremptory writs allowed.

Marshall, C. J., Johnson, Wanamaker and Matthias, JJ., concur.